UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CRIMINAL ACTION NO. 7:11-cr-17-ART
(Related Civil Action No. 7:13-cv-7298-ART)

UNITED STATES OF AMERICA,     PLAINTIFF,

V.     **MAGISTRATE JUDGE'S REPORT
&amp; RECOMMENDATION**

ROBERT DARRELL BRYANT,     DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the undersigned on Defendant Robert Darrell Bryant's, (hereinafter "Bryant"), *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. [Record No. 174]. Consistent with local practice, the matter has been referred for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Having been fully briefed, and for the reasons discussed below, it is recommended that Bryant's Motion to Vacate, Set Aside or Correct his Sentence be denied.

I.     FACTUAL AND PROCEDURAL BACKGROUND

On May 11, 2011, Bryant was arrested and charged with Conspiracy to Distribute five kilograms of Cocaine in violation of Title 21 U.S.C. §§ 846 and 841(a)(1). [Record No. 3]. On August 5, 2011, Bryant was charged by a superseding indictment with one count of Conspiracy to Distribute five kilograms of Cocaine, one count of Conspiracy to Distribute Oxycodone, eighteen counts of Possession with Intent to Distribute a Schedule II Controlled Substance, one count of Distribution of less than fifty kilograms of Marijuana, three counts of Possession of a

Firearm by a Convicted Felon, and two counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [Record No. 43]. On October 6, 2011, Bryant was charged by a second superseding indictment with one count of Conspiracy to Distribute Five Kilograms or more of Cocaine, one count of Conspiracy to Distribute Oxycodone, eighteen counts of Possession with Intent to Distribute a Schedule II Controlled Substance, one count of Distribution of less than Fifty Kilograms of Marijuana, three counts of Possession of a Firearm by a Convicted Felon, and two counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [Record No. 50-1].

Bryant pled guilty on February 15, 2012 to Count 1 of the indictment charging him with Conspiracy to Distribute Five Kilograms or more of Cocaine, Count 2 of the indictment charging him with Conspiracy to Distribute Oxycodone, and Count 17 of the indictment charging him with Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [Record Nos. 127, 129]. Pursuant to the provisions of a binding plea agreement, Bryant admitted to selling cocaine and oxycodone out of his residence and to knowingly possessing a firearm in furtherance of a drug transaction. [Record No. 177 at 30-31]. Bryant also admitted that he had an agreement with Nick Short, Carol Bryant and Charles McCauley to sell oxycodone. Id. at 31. The Court accepted this binding plea agreement and sentenced Bryant to 120 months in prison on Count 1, to run consecutively to a term of imprisonment of 60 months for Count 17, for a total sentence of 180 months. [Record No. 168].

Bryant did not appeal his plea, conviction, or sentence. [Record No. 174]. On August 5, 2013, Bryant filed the instant motion seeking to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Id. In his motion, Bryant asserts that he did not voluntarily and intelligently enter into his plea agreement because he was still in the process of severe withdrawal from both Xanax

and Oxycodone. Id. at 11. In addition, Bryant claims that he was denied effective assistance of counsel when his attorney was aware of these severe withdrawals and instead of reading the plea agreement to him verbatim, his attorney incorrectly summarized it. Id. Bryant also alleges that counsel led him to believe that if he pled guilty, his co-defendant/wife, Carol Bryant, would receive probation instead of a jail sentence and that he would receive additional sentence reductions for his firearm and drug charges. Id.

## II.  STANDARD OF REVIEW

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose the sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail, "a petitioner must demonstrate a constitutional error which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).

In his petition, Bryant claims two grounds for relief: First, that he was denied effective assistance of counsel when his attorney summarized and misrepresented the contents of the plea agreement to him. This, he claims, prevented him from entering a knowing, intelligent and voluntary plea, and that but for this, he would have insisted on going to trial. Second, he asserts that he did not knowingly and voluntarily enter into his plea agreement because at the time of his plea, he was suffering from extreme withdrawals from Xanax and Oxycodone. [Record No. 174]. The United States argues that Bryant's § 2255 motion should be dismissed because he entered a knowing, intelligent and voluntary plea, which included a waiver his right to collaterally attack his guilty plea, conviction and sentence. [Record No. 183 at 2].

In a case such as this, Bryant's waiver of the right to collateral attack would normally bar all claims in this action unless they relate to the validity of his plea. This bar normally extends to claims of ineffective assistance of counsel, as long as the claim of ineffective assistance of counsel does not relate to "the very validity of [the] guilty plea." In re Acosta, 480 F.3d 421, 422 (6th Cir. 2007); see also, Davila v. United States, 258 F.3d 448, 451 (6th Cir. 2001). Examples of claims that go to the validity of the plea include a claim that "the plea was not knowing or voluntary, or was the product of ineffective assistance of counsel." Acosta, 480 F.3d at 422. In this case, Bryant alleges that his plea was not knowing, intelligent and voluntary, but was the result of his diminished capacity. In addition, Bryant also claims that his plea was a result of ineffective assistance of counsel. For both of these claims, Bryant argues that his plea was not knowing, intelligent and voluntary. These claims go to the validity of his plea agreement. As a result, they are not waived, and the Court will address them below by discussing whether Bryant entered a knowing, intelligent and voluntary plea, and whether the action is, as a consequence, barred by his waiver of right to bring this action.

    a. <u>Validity of Plea</u>

A plea of guilty is valid if it is entered voluntarily and intelligently, <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 183 (2005); <u>Bousley v. United States</u>, 523 U.S. 614, 618 (1998), as determined under the totality of the circumstances. <u>Brady v. United States</u>, 397 U.S. 742, 749 (1970); <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-44 (1969); <u>King v. Dutton</u>, 17 F.3d 151, 153 (6th Cir. 1994). The government bears the burden of showing that the petitioner's plea was voluntary, intelligent, and knowing. <u>Stumpf v. Mitchell</u>, 367 F.3d 594, 600 (6th Cir. 2004), *vacated in part on other grounds by* <u>Bradshaw v. Stumpf</u>, 545 U.S. 175 (2005). "[T]he state generally satisfies this burden by producing a transcript of the plea proceeding." <u>Id.</u>

To enter a knowing plea, the defendant must understand the true nature of the charge against him. Id. at 608. The Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." Stumpf, 545 U.S. at 183. The Constitution requires that the totality of the circumstances reflect that the defendant be informed of all the direct consequences of his plea. Brady, 397 U.S. at 755. Although no precise litany of rights waived is required, Sparks v. Sowders, 852 F.2d 882, 885 (6th Cir. 1988); Campbell v. Marshall, 769 F.2d 314, 324 (6th Cir. 1985), the record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Riggins v. McMacken, 935 F.2d 790, 795 (6th Cir. 1991). "'That is so because a guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against self-incrimination.'" Parke v. Raley, 506 U.S. 20, 29 (1992) (quoting Boykin v.Alabama, 395 U.S. 238, 243 (1969)).

Further, if a plea bargain is struck, the defendant should be held to the terms of the plea bargain and not be heard to complain that the bargain was other than what he openly and unequivocally declared in open court. Mabry v. Johnson, 467 U.S. 504, 510-11 (1984). Thus, for example, a habeas corpus petitioner cannot obtain relief by claiming that his counsel promised him shock probation from a judge if the petitioner said nothing about the issue at the plea hearing. Ramos, 170 F.3d at 563-66.

III. ANALYSIS

    a.    Diminished Capacity

In this action Bryant claims that his plea was the result of his own diminished capacity due to the severe withdraws from Xanax and Oxycodone. [Record No. 174 at 11]. A review of the record in this matter reveals that Bryant's plea was knowing, intelligent and voluntary, and was not subject to a diminished mental capacity that affected his ability to enter a valid plea. At the beginning of the rearraignment, Bryant was placed under oath by the Court, and evidenced an understanding of his obligation to provide truthful answers to all questions asked by the Court, or be faced with possible prosecution for perjury. [Record No. 177 at 4-5]. The Court's first line of questioning was devoted to determining whether Bryant was competent to enter a guilty plea. Bryant proved to be able to reliably recount information regarding his age, education, lack of any history of mental illness, and his prior counseling for addiction to drugs in the 1990's. Id. at 5-7. Retained counsel, Michael J. Curtis, represented to the Court that he had experienced no problems communicating with Bryant in an understandable way, and believed that Bryant understood the nature of the charges against him. Id. at 7. Counsel further explained to the Court his concern that Bryant's delayed response not be interpreted as disrespectful to the Court, but was most likely due to the intense back pain Bryant was experiencing during the hearing. Id. at 15.

Bryant then represented to the Court that he had reviewed the indictment and superseding indictments, and discussed those documents with counsel; that he understood the charges against him, and that he was satisfied with the advice and representation provided by Mr. Curtis. Id. at 8. The Court confirmed that Bryant had signed the plea agreement that day before his rearraignment, and confirmed that he had adequate opportunity to review the plea agreement and

discuss it with his attorney before signing it. Id. at 9. After the Assistant United States Attorney summarized the essential terms of the plea agreement, the Court inquired of Bryant whether he had done so accurately. In response, Bryant said that he understood and agreed that the Assistant United States Attorney accurately summarized the plea agreement and that the he heard nothing that seemed different than what he understood the agreement to be. Id. at 13-14. Bryant also said that no other promises were part of the agreement. Id. at 14. Bryant also said that he understood that if the Court accepted his plea agreement, that he would receive a total sentence of 180 months imprisonment. Id.

Bryant was further able to summarize in his own words what he did that made him guilty of Counts 1, 2 and 17. Id. at 30. Count 1 charged Bryant with conspiracy to distribute cocaine, Count 2 involved oxycodone, and Count 17 charged Bryant with the knowing possession of a firearm during the commission of drug trafficking. Id. Bryant said in open court:

> DEFENDANT: I sold cocaine, you know. And I had a gun in the place.
>
> COURT: You sold cocaine. Did you also sell oxycodone?
>
> DEFENDANT: A few of them.
>
> COURT: A few of them. Was it sold out of your residence as is alleged in the plea agreement?
>
> DEFENDANT: Yes.
>
> COURT: And were Mr. Nick Short, Carol Bryant, and Charles McCauley, were they also apart of this agreement to see oxycodone?
> …
> DEFENDANT: They sold some, they pled guilty to it.
>
> COURT: Do you believe that the government could prove that they were involved as well if you wanted to go to trial?
>
> DEFENDANT: Yes.

> COURT: If I understand correctly, you were in possession of a firearm during at least some of the time you sold these drugs; is that right?
>
> DEFENDANT: Yes.
>
> …
>
> MR. WEST: Yes, sir. The exact charge was "possession in furtherance of" as opposed to "used and carried." Our proof would be during the course of the sale of cocaine in a package deal, he sold a firearm and the cocaine together, therefore in furtherance of a trafficking crime, not that he was armed with it or used it for protection.
>
> MR. CURTIS: That is correct, Your Honor. In fact, as reflected on an audiotape that Mr. Bryant and I listened to, it's dated March 15, 2010, where there's discussions about the sale of cocaine and about the firearm and the fact there's a price for cocaine, there's a price for the firearm; correct?
>
> DEFENDANT: Yes.
>
> COURT: Do you understand what they're saying there, Mr. Bryant?
>
> DEFENDANT: Yes.
>
> COURT: You sold a .9-millimeter Smith & Wesson firearm as part of a drug transaction as well?
>
> DEFENDANT: Yes.

[Record No. 177 at 30-34].

Although Bryant was suffering from back pain during his rearraignment, the record demonstrates that the Court reviewed repeatedly, in detail, the plea agreement, and the movant voiced understanding at every stage of the proceeding. In addition, aside from the allegations contained within his pleadings in this matter of diminished capacity, Bryant presents no evidence to support his claim of diminished capacity that would prevent him from being able to enter a knowing, intelligent and voluntary plea. Therefore, his claim is refuted by the record before the Court, and will not serve as a basis upon which to have his guilty plea, conviction and sentence vacated.

      b.   Ineffective Assistance of Counsel

In this case, Bryant seeks to reduce his sentence under the theory that he was deprived of effective assistance of counsel. [Record No. 174]. It is Bryant's contention that he pled guilty at the urging of his counsel based solely on the material misrepresentations of the contents of the plea agreement, which counsel said would include additional benefits such as: (1) his wife, Carol Bryant, would receive probation instead of being sentenced to prison; (2) Bryant's firearm violation would be reduced from a five year term of imprisonment to two years; and (3) Bryant's drug charges would be reduced from ten years to seven years. Id. at 11-12. In his petition for relief, Bryant states that but for his attorney's misrepresentations during plea negotiations, he would have taken his case to trial as he did not believe there was sufficient evidence to convict him. Id. at 15. Bryant argues that the Government's video tape evidence of Bryant's drug transaction is insufficient to prove that a firearm was being purchased or used during the course of the drug transaction as suggested by the United States. Id. The record in this case, however, does not support this claim against counsel.

A criminal defendant is constitutionally entitled to effective representation by counsel at all critical stages of the proceedings, including plea negotiations. King v. Bobby, 433 F.3d 483, 490 (6th Cir. 2006). To prevail on a claim of ineffective assistance of counsel based on counsel's advice during the plea process, a defendant must establish two elements: 1) counsel's performance fell below an objective standard of reasonableness; and 2) there is a reasonable probability that, but for counsel's errors, the defendant would have pleaded differently. Griffin v. United States, 330 F.3d 733, 736-37 (6th Cir. 2003) (citations omitted). With respect to the first element, the proper measure of attorney performance is simply reasonableness under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 688 (1984). "Defendants alleging

9

the ineffective assistance of counsel bear a 'heavy burden of proof.'" Pough v. United States, 442 F.3d 959, 966 (6th Cir. 2006) (citing Whiting v. Burt, 395 F.3d 602, 617 (6th Cir. 2005)).

This Court does not find counsel's representation of Bryant to be deficient. Bryant does not supplement his allegations with a factual basis that would suggest that counsel did in fact make these alleged material misrepresentations of the contents of the plea agreement. In addition, Bryant was read the full contents of the plea agreement and was told what he was agreeing to by the Court at his rearraignment proceedings on February 15, 2012. [Record No. 177]. The Court specifically asked Bryant if he had time to sufficiently review the discovery material and evidence the Government had given to counsel, to which Bryant said he had. Id. at 8. The Court also asked if he was satisfied with counsel's representation. Id. When Bryant hesitantly said that he was, the Court asked again if was actually satisfied with his representation. Id. Bryant answered again that he was satisfied with his representation and that his hesitation was only the result of the back pain he was currently experiencing. Id.

The Court then reviewed the plea agreement and its supplement with Bryant in open court. Id. at 9. Bryant told the Court that counsel had previously read aloud the documents to him and that he understood both the terms of the documents and how they affected his rights in the case. Id. The Government then summarized in open court the essential terms of the binding plea agreement. Id. This included a sentence of 180 months, the dismissal of all other counts in all of the indictments against Bryant, and a two-level reduction for acceptance of responsibility. Id. at 12. Then the Court specifically asked Bryant if, "there [were] any other promises that are part of your agreement that didn't either get stated or recited by Mr. West or somehow included in these two documents?" Id. Bryant responded, "No." Id. The Court also asked if anyone had threatened Bryant to plead guilty, to which Bryant also responded in the negative. Id. The record

in no way indicates that Bryant either did not understand the contents of the plea agreement or that he was under the false belief that he was entitled to additional benefits not contained within the plea agreement or its supplement. Therefore, Bryant's claim that counsel materially misrepresented the contents of the plea agreement is unsupported by the record and without merit.

Furthermore, there is nothing in the record to suggest that Bryant intended to take his case to trial or that believed the Government would be unable to prove its case beyond a reasonable doubt. During his rearraignment, the Court reviewed with Bryant his right to a trial, the burden of proof necessary for a conviction, his right to compel witnesses, and to put evidence on for his defense. Id. at 14-17. Bryant acknowledged that he understood that he had these rights and that he would be waiving them by pleading guilty. Id. at 17. The Government also went over the facts underlying Bryant's charges and when asked by the Court whether Bryant believed that the Government could prove these facts at trial, Bryant responded that he believed that the Government could. Id. at 30. Therefore, the Court does not find either deficient representation or prejudice because Bryant has been unable to show that he would have pleaded differently but for counsel's alleged errors and thus no relief may be granted on this claim.

IV. CONCLUSION

The Court finds that Bryant's plea agreement, containing the waiver of his right to bring a collateral attack, is valid. In addition, the record clearly demonstrates that Bryant's plea was knowing, intelligent and voluntary. Therefore, he is entitled to no relief in this action.

Having considered the matter fully, and for the reasons stated above,

IT IS RECOMMENDED that Defendant Robert Darrell Bryant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Record No. 174] be DENIED.

11

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed April 11, 2014.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge