UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> ROBERT DARRELL BRYANT, ) </br> ) </br> Defendant. ) | Criminal No. 11-17-(1)-ART </br></br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

When a prisoner challenges the validity of his guilty plea, the result is often a vicious game of "he said, he said"—a game that awkwardly pits the prisoner against himself. On one side is the transcript of the plea colloquy, demonstrating that the prisoner executed his plea agreement with eyes wide open. On the other side are habeas filings, insisting that the prisoner had no idea what he was getting himself into. This is such a case.

Cases of this kind, and the legal framework governing them, are all too familiar. If the transcript of the plea hearing demonstrates that the defendant entered his plea knowingly and voluntarily, then the prisoner's habeas filings provide no basis upon which to set aside the conviction. *See United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010) (concluding that a plea was knowing and voluntary because the record "flatly contradict[ed]" the prisoner's claims to the contrary); *Garcia v. Johnson*, 991 F.2d 324, 326–27 (6th Cir. 1993) (explaining that a transcript of the plea hearing usually establishes that the plea was knowing and voluntary).

Magistrate Judge Edward B. Atkins presided over Robert Darrell Bryant's rearraignment. R. 177. At that proceeding, Judge Atkins covered in detail the penalties Bryant faced, the rights he was waiving, whether there was a factual basis for his plea, and whether Bryant was competent to enter the plea. *See id.* at 1–37. Bryant satisfactorily answered all of Judge Atkins's questions, *e.g.*, *id.* at 7–8, and all parties present agreed that Judge Atkins should accept Bryant's plea, *id.* at 34.

Nearly 18 months later, Bryant filed this motion to vacate his conviction. R. 174. According to the motion, Bryant's counsel lied to him about the terms of his plea agreement. *See id.* at 11–13. Bryant chose to plead guilty, he says, because of those misrepresentations. *Id.* Bryant therefore concludes that he could not have made an effective waiver of his rights and that he was ineffectively assisted by his counsel. *See id.* at 11–16. All this despite Judge Atkins's accurate description of the agreement at the hearing and Bryant's own sworn statements indicating that he knew the true terms of the plea and that no other deals had been offered to him. R. 177 at 14 ("Court: Are there any other promises that are part of your agreement that didn't either get stated or recited by [the prosecutor] or somehow included in these two documents? The Defendant: No.").

Given his familiarity with the case, the Court referred this matter to Judge Atkins for a Report and Recommendation. Judge Atkins recommended denying Bryant's motion. R. 186. The Court has reviewed Judge Atkins's Report and Recommendation, Bryant's motion and objections, and the plea colloquy. Judge Atkins's recommendation correctly states the applicable legal rules and fairly characterizes the plea proceeding over which he capably presided. Seeing no error, the Court adopts Judge Atkins's Report and Recommendation, R. 186, in full.

Accordingly, it is **ORDERED** that:

(1) The Court **ADOPTS** Judge Atkins's Report and Recommendation, R. 186.

(2) Bryant's motion to vacate his conviction, R. 174, is **DENIED**.

This the 23rd day of June, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge