UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>V.<br><br>ROBERT DARRELL BRYANT,<br><br>Defendant. | CRIMINAL ACTION NO. 7:11-17-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant's motion for compassionate release. On August 1, 2012, Defendant Robert Darrell Bryant was sentenced to 180 months imprisonment and five years of supervised release. (DE 168.) On July 22, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), citing his concerns about his current medical condition and the disease caused by the novel coronavirus, COVID-19. (DE 228.)

As an initial matter, the extent to which Defendant requests that the Court modify his sentence to allow him to serve his remaining term of imprisonment in home confinement, the Court has no authority to do so. The Bureau of Prisons is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief that the BOP may find appropriate.

18 U.S.C. § 3582(c)(1)(A) allows a court, upon a proper motion, to modify a term of imprisonment and grant what is commonly referred to as "compassionate release." Prior to

1

the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), a motion for compassionate release could only be brought by the director of the Bureau of Prisons, not the defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has recently reaffirmed that a judge cannot make any exceptions to the requirement that prisoners comply with the statutory conditions prior to being granted court relief, because "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

Defendant makes no reference to any request that he has made to the warden of his facility bring a compassionate release motion on his behalf, any denial of such a request, nor any effort to appeal such a denial. Because the Court cannot find that Defendant has exhausted his administrative rights, it may not grant the relief that he seeks. *See Alam*, 960 F.3d at 834.

Accordingly, the Court hereby ORDERS that Defendant's motion for compassionate release (DE 228) is DENIED.

Dated July 27, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

2